So we'll look at our argument first in case number 21-842, United States v. McCullough. May it please the court. The government agrees that Mr. McCullough is not a career offender and that it was plain error for the district court to sentence him as such and that sentence was approximately 22 years. The government nevertheless argues that Mr. McCullough is bound by his plea agreement and Mr. McCullough argues that he did not receive effective assistance of counsel and a corollary to that is that his plea was not knowing and intelligent and he is therefore not bound by the plea agreement. Under these circumstances, this court has recognized three options. One is to relegate the defendant to a 2255 dismissing the appeal. The second is to decide the appeal, determine whether the counsel below was ineffective. And the third is to remand for a hearing. And I'd ask the court, Mr. McCullough asked the court to eliminate the option of sending the case, dismissing the case and allowing him to file a 2255. That would mean he would have to start at square one, it would be a waste of resources and he would have no right to counsel in that proceeding. He would have to draft a petition and 2255s are rife with pitfalls. He'd have to draft a petition on his own even if thereafter he's appointed counsel. Drafting the petition is certainly an aspect, especially in this case, where he needs counsel. This is not a square one case. There are cases I believe in this court and others which have held that when there's a great disparity between a stipulated guideline and what the guidelines actually should have been, that is evidence of ineffectiveness. But this case is a little more complicated than that. It's not as if there was necessarily that kind of difference at the time, right, because it had not yet been determined whether a hobject robbery was not a crime of violence under the guidelines. So your argument is that his counsel was ineffective for not pointing out that possible issue. Yes, he was ineffective because he stood by his client who pled guilty, pursuant to an agreement which got him nothing, which got him nothing more than what he would, in terms of the guidelines, nothing more than... Well, the overall plea agreement, he did plead guilty to two counts instead of the three with which he was charged, right? Yes. But that third, the conspiracy would have been grouped with the Substantive Hobbs Act, wouldn't have made any difference under the guidelines, and he wouldn't have made any difference in terms of the statutory maximum because the statutory maximum on the 924C is life. So he would have had the same statutory max, the same guidelines, except if he pled guilty to the indictment, he could have argued he was not a career offender if his attorney had reviewed the case well. So what is your argument? Do you think that the counsel was ineffective and therefore the whole plea agreement was not knowingly involuntary, or you think the counsel was ineffective insofar as he agreed to this guideline range and therefore the appellate waiver should not be enforced insofar as he's challenging the guideline range but not for other purposes? It's our argument that it's the latter, that he should, the case should... Yes. I mean, the plea agreement is no different. As I said, I'm not sure if this makes, if this is significant, but since the plea agreement is no different than what the district court would have found as the guidelines, did find as the guidelines, he's in the same place except that he needs to be resentenced without the career offender enhancement. So we typically allow ineffective assistance review on collateral habeas petitions, and so I'm just wondering why this case is different in your view. You mentioned efficiency, but is there something about this case that you think militates for deviation from our typical practice? Yes, because of the strength of the indicia of ineffectiveness. And again, as I had, I won't repeat myself, but that making him do a 2255 disadvantages him because he won't have counsel and it would be a waste of resources because we know that the court committed plain error and that on resentencing, he would have to be sentenced without the career offender enhancement. And the reason why... Normally we wait for a 2255 because we think that there needs to be a fuller record and to take evidence, but I guess your argument is that there's no need to do that here because just on the face of it, the lawyer agreeing to this guideline range, which was plainly erroneous and he should have been aware of, was ineffective assistance. Yes, and I mean, as part of that, it's the fact that the plea agreement lacks consideration. And the lawyer, at a minimum, should have been aware that the law was in flux, although it wasn't in at least three circuits, and preserve the right for his client to argue that he wasn't a career offender, which is sort of the nuclear weapon of the government. But you're not saying that we have enough of a record to decide the ineffective assistance claim, right? The district court would still, even on a remand, would still have to do further record development. I think this court could find that there was ineffective assistance of counsel and remanded for resentencing rather than a hearing. And the standard in the cases is whether the resolution is beyond doubt or it's in the interest of justice. Beyond doubt is a, I mean, that sounds like it's more than reasonable doubt, so I'm not going to argue that standard to you. But in this case, I submit that it would be in the interest of justice to remand for a resentencing, and in the alternative, to remand it for a hearing. And what evidence would be taken at that hearing? You would take, the district court would take the evidence either of Mr. McCullough's statements in his petition and or his testimony, and I assume the government would want to call counsel. Is it possible that if counsel said, well, I thought that there's no way in the Second Circuit that a Hobbs Act robbery would not be considered a crime of violence, and that's why I stipulated to it? Would that make it not an effective assistance of counsel? Counsel would have to say that I was aware of the other Circuit Court decisions. I was aware that the Hobbs Act included violence or threats against property, whereas the guideline definition of crime of violence doesn't. But I made a strategic decision to stipulate. It might be that that would prevent it from being an effective assistance of counsel? I'm sorry. If he was aware of all of that, but then says he made a strategic decision that he didn't want to press that issue, would that make it effective assistance? He'd have to have a good reason why that strategy was beneficial to his client. And I don't think it's possible to see on this record how it could be when pleading to the plea agreement and the guidelines and statutory maximum were the same, and pleading straight up would mean he could argue anything. He could argue against career offender and against the guidelines associated with the career offender, and his client would keep his right to appeal. Thank you, counsel. You've reserved a couple minutes for rebuttal. Thank you. We'll hear from the government. Good morning. May it please the court. My name is Tiffany Lee, and I represent the United States. Your honors, here, Mr. McCullough entered into, knowingly and intelligently and voluntarily, entered into a plea agreement and clearly understood the impact of the appellate waiver with which he was entering into. Specifically, during his plea colloquy, when asked by the district court whether or not he understood what the appellate waiver meant, he specifically said, it means that I cannot take any special proceedings to challenge the sentence. So, accordingly, the appellate waiver here should be enforced. There was ample consideration to support it. The government gave up count one, which was the conspiracy, the Hobbs Act conspiracy count, in which there could have been other factors or incidents at play vis-a-vis co-conspirators that could have impacted the guidelines. So you're saying that if, in fact, you had charged all three counts, there could have been a different sentence? There could have been a different sentence. How would that happen? But, your honor, what the record shows is that we entered into an agreement where we had Mr. McCullough plead guilty to just the circumstances that happened at the AT&T store, and the liability was limited in that respect. He got out of it, coming out of it with just two convictions for the Hobbs Act robbery and the 924C. He didn't have the Hobbs Act conspiracy conviction. But then there are also other things at play when the government is negotiating a plea disposition. There could have been other incidents or other investigations that were going into it. So putting aside the consideration question, so, you know, I think you might agree. Let's say it was not three different circuits that had said that Hobbs Act robbery was not a crime of violence under the guidelines. But let's say the Second Circuit had actually said it, and his lawyer was just unaware of that and stipulated to this guidelines range. That would be ineffective assistance, and you would say that the plea, that the public was not knowing involuntary, right? Potentially, but the question- So if we have a situation where three other circuits have said it, and I think there was a fourth one that said it in an unpublished opinion such that it was an open question in the Second Circuit, isn't that something that the lawyer should have been aware of and should have advised him of? Not necessarily. And also, I would note that counsel in her brief referred to the Bridges decision, which was the context of the 2255, in which it had language talking about ineffective assistance of counsel, and that counsel should probably do its research and knew, you know, in that instance that it was an open question whether the career offender guidelines would still be intact under the categorical approach. Nevertheless, the Seventh Circuit said, we do not hold as a matter of law that counsel is ineffective. They said it has to go back, because there could have been a whole variety of other strategic reasons in which the defense counsel chose to make the calculus in terms of advising his client to take the plea. So what would the strategic reasons have been here? There could have been other investigations going on as a result of this conspiracy. There could have been other information in terms of possible other charges lingering. And for all this, the government said, well, we're willing to resolve this. We may discontinue whatever else we're looking into. Counsel may have made the calculus. You're right, you know. This limits his liability, and therefore, this is a good plea deal for him. Is there any advantage to telling Mr. McCullough to bring his ineffective assistance claim in a 2255 proceeding rather than just remanding it, having the district court decide in the first instance here? Yes, because right now, there's just nothing in this record. All you have is basically a person who entered into a guilty plea, did so knowingly, intelligently, and voluntarily, never asked to withdraw his plea afterwards, never had indications that he had difficulties in dealing with counsel. And then, you know, on the basis of this. Well, not for us, but it sounds like your adversary is suggesting that the district court could easily develop the record necessary here on a pretty narrow set of circumstances. Counsel is suggesting that. I thought counsel was suggesting that this record, you know, was basically, you can tell from this record that there was ineffective assistance of counsel in the first instance, correct? But I don't think we even get there, and that's the whole purpose of the 2255. Because the 2255 allows the district court to, allows the petitioner to set forth facts, and then the district court in the first instance can determine whether or not there is a credible claim. But she's saying there's all these inefficiencies just to start over, it was not represented by counsel in the proceeding, and maybe there's some efficiencies here, just remanding and having the district court do that record development. But this court has always held that dealing with ineffective assistance of counsel, even on remand on a direct appeal, is only for the highly exceptional circumstance, and that's not what we have here. Well, why isn't it? So if here we think that the ineffective assistance is related to the stipulation of this particular guideline range, and we have a direct appeal from that sentence, and so the district court on remand could correct that problem in the sentence, isn't it more efficient to allow the district court to do that as opposed to inviting a 2255 motion later? Because, no, it's not more efficient because of the fact that, you know, on remand, you're basically, there still has to be all this information that's come forth. But what's the information? So I take it that the prima facie case of ineffective assistance, if you could put it that way, would be, well, the counsel did not realize or appears not to have realized that there was an open question, a serious question as to whether Hobbs Act robbery qualified as a crime of violence under the guidelines. And so we just want to find out if the counsel really was aware of that and had a strategic reason for stipulating to it, and so you just asked the counsel that question. Wouldn't that be all the evidence you would need to take? No, it would not be because there are other, you know, simply because counsel may not have, whether counsel did or did not understand in terms of whether or not, the state of the law as to Hobbs Act robbery and career offender guidelines, that's not part of, that's not, that doesn't complete the calculus for the prima facie case of ineffective assistance of counsel when you're also dealing with, you know, the second problem of Strickland, the reasonable probability that the outcome would have changed because of the fact that you need to find out, okay, what did counsel know in terms of the state of the government's investigation, all these other details, and you just don't even have enough just on the basis of what's been claimed in this appeal as a starting off point for, you know, a claim of ineffective assistance. You agreed with me a moment ago that if in fact the Second Circuit had decided that Hobbs Act robbery was not a crime of violence and his lawyer did not know that, then that would be enough. And so here we have a case where three other circuits had said it, and it was an open question on the Second Circuit. So that seems pretty close to that scenario. It's not the same, though. You don't have definitive law in the circuit, and, you know, and as we had argued before Chappelle had come up, you know, if there had, any error would not have been plain. It's not something that is obvious or clear that, you know, counsel across the board. So even if his counsel in this case was unaware of this question, like did not realize that there was even a colorable argument to be made that Hobbs Act robbery didn't qualify as a crime of violence, you would still say it was not an effective assistance of counsel? Because of the fact that, you know, the appellate waiver specifically says that you may, you are waiving your right to appeal or collaterally attack a sentence, you know, notwithstanding the way the court is going to determine the sentence. So the court could determine the sentence completely not even tethered to the guidelines or anything along those lines. Could have hit a higher sentence just based on 3553A factors. So it's not as if there's that but-for cause in terms of the ineffectiveness to entering into this plea agreement with this appellate waiver. There's just other factors in play, and that's why the Seventh Circuit in Bridges said, even though we find that if counsel did not do its research and the writing was on the wall, vis-a-vis the categorical approach, we're still not going to say that as a matter of law, counsel was ineffective because there could have been all these other decisions factoring into why this particular client was counseled to taking and taking the plea. But in that decision, it at least is enough to trigger what we just said was a prima facie case of an effective assistance of counsel, the fact that the lawyer wasn't aware of that question. And so then isn't that a case for remanding for a hearing to just ask the lawyer if there was some explanation for the stipulation, the strategic questions? I think that- Actually, why don't I just say it a different way? So what would we get out of a 2255 proceeding that we wouldn't get out of a remand to the district court? You get out of a 2255 proceeding the requirement that the petitioner make out the prima facie case in terms of having more information vis-a-vis like an affidavit or information from counsel and all that. A remand does not necessarily get you there. Ultimately, it's not as if counsel is saying that is not asking for vacature of the convictions or anything along those lines. Basically, counsel is trying to attack the very nature of this appellate waiver, which was on premise exclusively on the sentence that he was going to get, and trying to make that tie of ineffective assistance of counsel. But there is a narrower question about the specific sentence. Doesn't that counsel in favor of a narrower remedy, which is to have a hearing focused on it, as opposed to a whole collateral attack on his conviction? Your Honor, this- Again, I will just reiterate what this court itself has said in terms of handling claims of ineffective assistance of counsel on direct appeal. It can only be done and it should only be done in highly exceptional circumstances. You have a mechanism vis-a-vis a 2255, and most recently in the United States v. Calhoun, this court was faced with the exact same circumstances, where it appeared that counsel had not articulated an argument on the career offender guidelines, and this court said a direct appeal or a remand on direct appeal is not the way to go. It should be handled vis-a-vis a habeas corpus. Was there plain error found and conceded in that case? Vis-a-vis Calhoun, I believe- The case that you're just talking about. I believe that there might not have been. How many cases do you know of where we have said we're not going to remand for a hearing where there's been a concession that the error was plain? I do not know of any. I do not know, but I am willing- This sounds like an unusual case, then. That may be, Your Honor, but again, like I said, based on the facts that we have here, there is certainly not enough for this court to make any determination on ineffective assistance of counsel and vis-a-vis, in terms of the remedy, the options would be either to remand for a hearing or to wait for a habeas corpus petition. Thank you, counsel. Thank you. Ms. Wolfe, you've reserved two minutes. Thank you. Just a couple points. Government counsel has argued that at a hearing it might come out that there was other conduct of co-conspirators that would have affected the sentencing calculation, and when you look at the plea agreement, there is a very detailed, factual recitation of what happened. So it's not reasonable to suggest that there was other conduct in connection with this alleged, this Hobbs Act violation that wasn't charged and that he might be liable for at sentencing and in any event. The idea that it might go above the career offender guidelines is unlikely, because they are about as high as it gets. And the notion that there may have been negotiations regarding other investigations or other potential charges that weren't being brought against the defendant, well, it would have been in the plea agreement. If the defendant was pleading guilty to the plea agreement because there was a promise not to charge him with other crimes, well, that means nothing unless it's in the plea agreement. And one further point, which is government counsel argues that in a 2255, the petitioner would have to make out a prima facie case, whereas apparently he wouldn't have to, the government's position is he wouldn't have to do that at a hearing on remand, but what he would have to do on remand is having, being the proponent of an ineffectiveness claim, he would have to prove that by the appropriate standard, which I believe is a preponderance. A 2255 only advantages the government, because it puts the defendant in a position where he is uncounseled in his litigation with the government. Thank you, Your Honor. Thank you both. We'll take the case under advisement. The next argument is in case number 21-2225, Pryde Technologies versus Kluge Law. Mr. Klausner, if you're ready. Thank you, Your Honor. And may it please the court, Neal Klausner, Davis & Gilbert, LLP, on behalf of Appellant Pryde Technologies, Inc., doing business as Pryde One. We are here appealing the district court's grant of summary judgment against my client on its claim of tortuous interference with business relations against the appellee, Daniel Kublau. We believe the record demonstrates significant issues of fact, which would require a trial of this cause of action, issues pertaining to Mr. Kublau's motive, intent, motivations, and the extent to which he caused Thompson Reuters, his employer, to terminate its relationship with Pryde. On this appeal, this court has the right for de novo review of our motion for summary judgment. Pryde is a human capitals firm. Among its services are payroll services, and that is onboarding temporary staff, employing them, paying them, administering their benefits, and other human resource capabilities. It had this job for the temporary staffing at Thompson Reuters starting in 2013 and consistently received excellent feedback from Thompson Reuters, no criticism. There had been discussions about expanding that relationship globally and to extend it the types of services that Pryde would provide. But Thompson had begun this direct sourcing program that hired a consultant to advise them, and then they were getting rid of Pontoon, I guess, the company. And so I think this goes to causation. It seemed like this relationship was going to be ending anyways, and I'm wondering what you have to say to that. Thank you, Your Honor. No.